IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KIRK EUGENE MORRIS**, | Case No. 3:15-cv-01919-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN**, Commissioner of Social Security, | |
| Defendant. | |

Merrill Schneider, SCHNEIDER KERR LAW OFFICES, P.O. Box 14490, Portland, OR 97293. Of Attorneys for Plaintiff.

Billy J. Williams, U.S. Attorney, and Janice E. Hébert, Assistant U.S. Attorney, U.S. ATTORNEY'S OFFICE, DISTRICT OF OREGON, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; John C. Lamont, Special Assistant U.S. Attorney, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104.. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Mr. Kirk Eugene Morris ("Claimant") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act. After Claimant filed his opening brief (ECF 9), the Commissioner conceded error and moved for an order

remanding this case for further administrative proceedings. ECF 16. Claimant replied, arguing that, upon remand, the Court should require the ALJ to obtain medical expert testimony under Social Security Ruling ("SSR") 83-20. ECF 17. For the following reasons, the Court remands this case for further administrative proceedings and declines to require the ALJ to obtain the assistance of a medical expert under SSR 83-20.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A.  Plaintiff's Application

Claimant protectively filed an application for DIB in June 2012. AR 210-11. Claimant initially alleged that he became disabled in 1961, but later amended his application to allege an onset date of February 1, 2011. AR 210-12. Claimant was born on January 15, 1961 and was 51 on the date of his initial application. AR 210. Claimant alleges disability based on conditions including memory loss, vision loss, high blood pressure, depression, anxiety, and claustrophobia. AR 238.

The Commissioner denied Claimant's applications initially and upon reconsideration. AR 87-109; AR 111-124. Thereafter, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). AR 143-44. Claimant appeared and testified at a hearing held on June 20, 2014. AR 20; 40-85. A vocational expert also testified at the hearing via telephone. *Id.* On June 26, 2014, the ALJ issued a decision finding that Claimant was not disabled from his alleged onset date through December 31, 2013. AR 32-33. The ALJ found, however, that Claimant's RFC deteriorated such that as of January 1, 2014, Claimant could no longer perform work that exists in significant numbers in the national economy, and thus that Claimant is disabled as of January 1, 2014. *Id.*

Claimant petitioned the Appeals Council for review of the ALJ's decision. AR 14. On August 5, 2015, the Appeals Council denied the request for review, making the ALJ's decision the final decision of the Commissioner. AR 1-3. Claimant now seeks review of the ALJ's decision.

### B.  The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or

can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C.

§ 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for

determining whether an applicant is disabled within the meaning of the Social Security Act."

*Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R.

§§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is

potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential

process asks the following series of questions:

1.  Is the claimant performing "substantial gainful activity?" 20 C.F.R.
    §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving
    significant mental or physical duties done or intended to be done for pay
    or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing
    such work, she is not disabled within the meaning of the Act. 20 C.F.R.
    §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing
    substantial gainful activity, the analysis proceeds to step two.

2.  Is the claimant's impairment "severe" under the Commissioner's
    regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An
    impairment or combination of impairments is "severe" if it significantly
    limits the claimant's physical or mental ability to do basic work activities.
    20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death,
    this impairment must have lasted or be expected to last for a continuous
    period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the
    claimant does not have a severe impairment, the analysis ends. 20 C.F.R.
    §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe
    impairment, the analysis proceeds to step three.

3.  Does the claimant's severe impairment "meet or equal" one or more of the
    impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so,
    then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii),
    416.920(a)(4)(iii). If the impairment does not meet or equal one or more of
    the listed impairments, the analysis continues. At that point, the ALJ must
    evaluate medical and other relevant evidence to assess and determine the
    claimant's "residual functional capacity" ("RFC"). This is an assessment
    of work-related activities that the claimant may still perform on a regular
    and continuing basis, despite any limitations imposed by his or her
    impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e),

416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.    Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.    Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C.  The ALJ's Decision

The ALJ began his opinion by finding that Claimant met the insured status requirements of the Social Security Act through September 30, 2016, meaning that Claimant must establish

disability on or before that date in order to be entitled to a period of disability and DIB. AR 22. The ALJ then performed the sequential analysis. At step one, the ALJ found that Claimant has not engaged in substantial gainful activity since his alleged onset date of February 1, 2011. *Id.*

At step two, the ALJ found that Claimant has the following severe impairments: status post left rotator cuff surgery, knee derangement, transverse colon cancer status post reaction, functional memory loss, methamphetamine and alcohol abuse, and cognitive disorder. AR 23. In making his step two findings regarding Claimant's mental impairments, the ALJ considered the opinions of state agency psychological consultants dated February 25, 2011 and November 9, 2012. AR 24. The consultants determined that Claimant has an affective disorder and an anxiety-related disorder. *Id.* The ALJ also considered the opinion of Tom M. Dooley, Psy.D., at step two. On September 17, 2012, Dr. Dooley diagnosed Claimant with depression, anxiety, and a borderline IQ. *Id.*; AR 380-85.

At step three, the ALJ found that Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ next addressed the Claimant's RFC. The ALJ found prior to January 1, 2014, the date that the Claimant became disabled, Claimant had the capacity to perform medium work except that

> he could occasionally balance, climb, stoop, kneel, crouch, or
> crawl. He needed to avoid concentrated exposure to vibration. He
> was limited to unskilled work. He could have occasional public
> contact.

AR 27. The ALJ determined that on January 1, 2014, Claimant's cognitive and memory impairments became severe enough to preclude him from sustaining fulltime work. AR 29.

At step four, the ALJ concluded that Claimant has been unable to perform any past relevant work since his alleged onset date of February 1, 2011. AR 30. At step five, the ALJ

PAGE 6 – OPINION AND ORDER

found that before January 1, 2014, Claimant could have performed jobs that existed in significant

numbers in the national economy. AR 31. The ALJ thus concluded that Claimant was not

disabled before January 1, 2014, but became disabled on that date and has continued to be

disabled through June 26, 2014, the date of the ALJ's decision. AR 32-33.

## DISCUSSION

In Claimant's opening brief, Claimant argues that the ALJ erred in two respects. First,

Claimant argues that the ALJ improperly determined an onset date that is not supported by

substantial evidence and that the ALJ was required to call upon the services of a medical expert

under SSR 83-20. ECF 9 at 5. SSR 83-20 provides, in relevant part:

> With slowly progressive impairments, it is sometimes impossible
> to obtain medical evidence establishing the precise date an
> impairment became disabling. Determining the proper onset date is
> particularly difficult, when, for example, the alleged onset date and
> the date last worked are far in the past and adequate medical
> records are not available. In such cases, it will be necessary to infer
> the onset date from the medical and other evidence that describe
> the history and symptomology of the disease process. . . .
>
> In determining the date of onset of disability, the date alleged by
> the individual should be used if it is consistent with all the
> evidence available. . . . [T]he established onset date must be fixed
> based on the facts and can never be inconsistent with the medical
> evidence of record. . . . .
>
> In some cases, it may be possible, based on the medical evidence
> to reasonably infer that the onset of a disabling impairment(s)
> occurred some time prior to the date of the first recorded medical
> examination, e.g., the date the claimant stopped working. How
> long the disease may be determined to have existed at a disabling
> level of severity depends on an informed judgment of the facts in
> the particular case. This judgment, however, must have a
> legitimate medical basis. At the hearing, the administrative law
> judge (ALJ) should call on the services of a medical advisor when
> onset must be inferred. If there is information in the file indicating
> that additional medical evidence concerning onset is available,
> such evidence should be secured before inferences are made.

SSR 83-20, *available at* 1983 WL 31249, at *2-3. Second, Claimant argues that the ALJ improperly formulated an RFC that does not use functional terms. ECF 9 at 7. Claimant argues that his case must be remanded for further administrative proceedings to correct these errors.[1]

In response, the Commissioner acknowledges that the ALJ made findings that are not supported by substantial evidence and moves to remand this case for further proceedings. ECF 16 at 1. Specifically, the Commissioner asserts that the ALJ did not adequately explain how he weighed Claimant's statements, the lay witness testimony, or the medical opinion evidence. *Id.* at 2. Thus, the Commissioner argues, the ALJ must reweigh the record evidence in order to reach a legally adequate RFC finding. *Id.* The Commissioner disagrees, however, with Claimant's assertion that the ALJ is required to consult a medical expert under SSR 83-20.

The Ninth Circuit has interpreted SSR 83-20 to require that the ALJ call a medical expert to assist in determining the onset date of disability when the medical record is ambiguous as to the onset date. *See, e.g.*, *Armstrong v. Comm'r Soc. Sec. Admin.*, 160 F.3d 587, 589-90 (9th Cir. 1998); *Morgan v. Sullivan*, 945 F.2d 1079, 1082 (9th Cir. 1991); *DeLorme v. Sullivan*, 924 F.2d 841, 848 (9th Cir. 1991). Because mental disorders may manifest themselves over a period of time, the precise date of onset of a disabling psychological impairment often is difficult to ascertain. *Morgan*, 945 F.2d at 1081. The Ninth Circuit explains that:

> SSR 83-20 only requires that the ALJ assist the claimant in creating a complete record. Rather than just inferring an onset date, which would deny a claimant benefits, SSR 83-20 requires that the ALJ create a record which forms a basis for that onset date.

*Armstrong*, 160 F.3d at 590.

---

[1] The Court notes that Claimant does not argue in either his opening or reply brief that this case should be remanded for an immediate award of benefits. *See generally* ECF 9, 17.

In *Armstrong*, the claimant testified that he suffered from depression and crying spells beginning in 1991 or 1992 and alleged that he had been disabled since 1991. *Id.* at 589-90. According to the medical record, however, the claimant was not diagnosed with any mental disorders until March 1994. *Id.* at 590. The Ninth Circuit reasoned that the claimant's mental disorders could have been disabling long before 1994, and that exactly when his impairments became disabling was unclear from the record. *Id.* Accordingly, the Ninth Circuit held that the ALJ was required to call a medical expert to assist in determining the date of onset under SSR 83-20. *Id.*

Similarly, in *Morgan*, the Ninth Circuit held that the ALJ was required to determine the claimant's onset date with the assistance of a medical advisor under SSR 83-20. 945 F.2d at 1083. In *Morgan*, the claimant alleged that he suffered from a mental disability beginning in 1977, although the first unambiguous evidence in the record of the claimant's mental impairment did not appear until January of 1980 when the claimant was treated for anxiety at a clinic and referred to a counselor. *Id.* at 1081. The Ninth Circuit reasoned that the record was ambiguous whether the claimant's mental condition was disabling before January 1980 because during hospital visits dated October 1979 and January 1980, the claimant's behavior revealed "at least a great deal of stress and perhaps early evidence of progressive mental illness." *Id.* at 1082.

The Commissioner argues that in this case, the onset date is not ambiguous because medical evidence contemporaneous with the period the ALJ adjudicated exists in the record.[2] The Court agrees that the medical record in this case is not ambiguous such that the assistance of

---

[2] The Commissioner cites *Grebenick v. Chater*, 121 F.3d 1193 (8th Cir. 1997), in which the Eighth Circuit instructs, with regard to SSR 83-20: "[W]hen there is **no** contemporaneous medical documentation, we ask whether the evidence is ambiguous regarding the possibility that the onset of her disability occurred before the expiration of her insured status." *Id.* at 1201 (emphasis added).

a medical expert is required under SSR 83-20. Claimant alleges that he became disabled on February 1, 2011. AR 212. The medical record includes the result of a February 2, 2011 medical examination performed by Bassel Beitinjaneh, MD, during which Claimant reported that he was unable to sleep at night due to his depression and anxiety, and that he currently was taking an antidepressant. AR 340-44. On February 25, 2011, a state agency psychological consultant completed a Psychiatric Review Technique assessment and determined that Claimant suffered from affective disorder, a medically determinable psychological impairment. AR 90.

Additionally, on January 4, 2012, Claimant reported having an episode where he "blacked out" and was unable to remember several hours of the day. AR 352. He had not been taking his antidepressant medication for the previous month because he could not afford the medication. *Id.* In September 2012, Tom Dooley, Psy.D., diagnosed Claimant with depression, anxiety, and a borderline IQ. AR 380-84. On June 24, 2013, Safina Koreishi, MD, stated that Claimant suffered from significant memory loss and depression. AR 402. In October 2013, Claimant reported worsening memory and cognitive problems. AR 767. He stated that his mental problems began in 2009, but that they got worse in 2012. *Id.* Thus, this is not a case in which "the alleged onset date . . . [is] far in the past and adequate medical records are not available." SSR 83-20, *available at* 1983 WL 31249, at *2. This case also is unlike *Armstrong* and *Morgan* because here, medical evidence of Claimant's psychological impairments that is nearly contemporaneous with Claimant's alleged onset date exists in the record. Accordingly, the assistance of a medical expert under SSR 83-20 is not required.

The Court grants the Commissioner's motion to remand this case for further proceedings. Upon remand, the ALJ shall reconsider the medical opinion evidence and identify the weight assigned to the opinions and reasons for that weight; reconsider Claimant's statements and the

lay witness testimony regarding the severity, intensity, and persistence of Claimant's symptoms; re-evaluate Claimant's RFC; and, to the extent that Claimant's RFC has changed over time, identify the date of that change as well as the evidence supporting that conclusion. If necessary, the ALJ shall conduct a *de novo* hearing and obtain the assistance of a VE or medical expert. The Court holds, however, that whether the assistance of a medical expert is needed is a determination within the ALJ's discretion.

## CONCLUSION

The Commissioner's decision that Claimant is not disabled is not based on substantial evidence; the Commissioner's motion for remand (ECF 16) is GRANTED, the Commissioner's decision finding no disability beginning January 1, 2014 is REVERSED, and this case is REMANDED for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 17th day of August, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge